UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JUDITH STECKELBERG and<br>MICHAEL STECKELBERG,<br>Parents on behalf of their minor child, AMS,<br><br>    Plaintiffs,<br> vs.<br><br>CHAMBERLAIN SCHOOL DISTRICT,<br><br>    Defendant. | 4:21-CV-4130-LLP<br><br>ORDER |

  Pending before the Court is Defendant Chamberlain School District's ("School District") motion to strike Plaintiffs' motion for attorney fees.[1] (Doc. 11.)

## BACKGROUND

  In January 2019, Plaintiffs Judith and Michael Steckelberg ("Steckelbergs") filed a Due Process Complaint with the South Dakota Office of Hearing Examiners alleging that their child AMS's placement at an academy in Utah for therapy and a standard education should be paid for by the School under the Individuals with Disabilities in Education Act ("IDEA"). An administrative hearing was held on February 22 through February 26, 2021. On July 8, 2021, the hearing examiner issued a decision, concluding:

> The Petitioner has met their burden of proof as to five of the six issues. Respondent failed to adequately develop an IEP [Individual Education Plan] for the 2018-2019 school year. Respondent did not develop an IEP for AMS for the 2019-2020 school year. Respondent did not follow the 2018-2019 IEP and failed to provide a FAPE [Free Appropriate Public Education] to AMS. Respondent did not place AMS with any private school placement or make any plans for AMS to receive an education at home with

---

[1] The School District's motion is titled in the caption as a "Motion to Strike or Otherwise Dismiss Complaint for Attorney Fees," but the text of the motion asks for dismissal of the motion for attorney fees and does not request dismissal of the Complaint.

> supports for the 2019-2020 school year.  Respondent did not acknowledge or respond to Petitioners Notice of Placement when Petitioner placed AMS in Kaizen Academy.
>
> Petitioners are entitled to receive reimbursement for tuition and fees spent with Kaizen Academy, in the amount of $90,375. I am also ordering reimbursement to Petitioners for the amount of $11,686 for travel for Petitioners and AMS to and from Utah on six (6) different occasions.

(Doc. 10-2, p. 20.)  On July 19, 2021, Notice of Entry of the Decision was served and filed by the Stecklebergs' lawyer.  On August 6, 2021, the School filed a Notice of Appeal in state circuit court.[2]

In the Complaint in this case, filed on July 27, 2021, the Steckelbergs seek attorney fees pursuant to 20 U.S.C. § 1415(i)(3)(B) for being the prevailing party in the IDEA administrative action against the School.  (Doc. 1.)

On September 17, 2021, the School waived service of the summons and complaint.  (Doc. 10, ¶14.)

On September 21, 2021, the Steckelbergs filed a motion seeking an award of attorney fees in the amount of $95,685.00 pursuant to 20 U.S.C. § 1415(i)(3)(B).  (Doc. 6.)  A spreadsheet listing the attorney's work, time billed, and hourly rate is attached to an Affidavit of Plaintiff Judith Steckelberg.  (Doc. 5.)  The same document is attached to an Affidavit of Attorney Gina Ruggieri, the Steckelberg's lawyer.  (Doc. 6).  The spreadsheet shows work done on the case dating from December 2018 through September 2021.

On October 12, 2021, the lawyer for the School District filed a Notice of Appearance in this case.  (Doc. 7.)  That same day, the School District filed an Answer to the Complaint, and the pending motion to strike or dismiss the Steckelbergs' request for attorney fees.  (Docs. 8 and 9.) The School District raises five arguments in support of the motion to strike:  1) paragraphs 3-13 of counsel's affidavit in support of the motion for attorney fees are not proper subjects of the affidavit; 2) the motion for attorney fees has not been validly served because it was filed before a lawyer appeared in this case on behalf of the School District and prior to the School District

---

[2] Any party aggrieved by the hearing officer's determination may bring a "civil action" in state or federal court. 20 U.S.C. § 1415(i)(2)(A).  The Steckelbergs have filed a Notice and Petition for Removal, seeking to remove School District's state court action to federal court. (CIV. 21-4147, Doc. 1.)  The School has filed a motion for remand in that case. (CIV. 21-4147, Doc. 6.)

answering the Complaint; 3) the motion fails to comply with Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26.2 because it was filed before the parties had an opportunity to meet and confer about deadlines for the litigation;[3] 4) the motion was not accompanied by a brief containing supporting legal arguments and authorities, in violation of Local Rule 7.1-B; and 5) the motion appears to be a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, but it does not include a Statement of Material Facts, in violation of Local Rule 56.1-A.

The Steckelbergs have not opposed or responded in any way to the School District's motion to strike or dismiss their request for attorney fees.

### DISCUSSION

The IDEA permits a federal court, in its discretion, to award reasonable attorney fees as part of the costs to "a prevailing party who is the parent of a child with a disability." 20 U.S.C. §§ 1415(i)(3)(A) and 1415(i)(3)(B)(i). A claim for attorney fees under the IDEA "is similar to the civil rights attorney's fees award statute, 42 U.S.C. § 1988," and "should ordinarily be awarded to the prevailing party unless 'special circumstances exist to make an award unjust.' " *Borengasser v. Arkansas State Board of Education,* 996 F.2d 196, 199 (8th Cir. 1993).

"A litigant is a 'prevailing party' if he obtains 'actual relief on the merits of his claim [that] materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.' " *Birmingham v. Omaha Sch. Dist.*, 298 F.3d 731, 734 (8th Cir. 2002) (alteration in original) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992)). "A party does not need to succeed on the entirety of the litigation to be considered the prevailing party under the IDEA; '[a] party prevails if it succeeded on any significant issue which achieved some of the benefit it sought.' " *Artichoker v. Todd Cty. Sch. Dist.,* No. 3:15-CV-3021-RAL, 2017 WL 2495197, at *2 (D.S.D. June 9, 2017) (alteration in original) (quoting *Yankton Sch. Dist. v. Schramm*, 93 F.3d 1369, 1377 (8th Cir. 1996)).

---

[3] The Court notes that, on October 25, 2021, the parties filed a Report of Parties' Rule 26(f) Planning Meeting, indicating that the attorneys met telephonically on several dates during October, 2021 and developed the litigation plan that was submitted to the Court on October 25. (Doc. 12.) On December 3, 2021, "Notice of Filing Error" appeared on the docket sheet, indicating that the Proposed Schedule was filed in error and should be disregarded.

The Eighth Circuit has stated that "a party must obtain a *judicially sanctioned* material alteration of the legal relationship between the parties to the lawsuit to achieve prevailing party status." *Advantage Media, L.L.C. v. City of Hopkins, Minn.*, 511 F.3d 833, 837 (8th Cir. 2008) (emphasis in original) (citing *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.,* 532 U.S. 598, 604–05 (2001)).[4]

In addition to determining whether a litigant is a prevailing party, the court must consider whether the amount of attorney fees sought is reasonable. "As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'" *Moysis v. DTG Datanet,* 278 F.3d 819, 828–29 (8th Cir. 2002) (quoting *Emery v. Hunt,* 272 F.3d 1042, 1047 (8th Cir. 2001)). The IDEA specifically provides: "Fees awarded under this paragraph shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). The IDEA permits a reduction in attorney fees for work that exceeds the applicable hourly rate prevailing in the community.[5] 20 U.S.C. § 1415(i)(3)(F)(ii).

Procedurally, the Supreme Court has explained that,

> To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to—for convenience—as the prevailing market rate.

*Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984).

Thus, the party seeking attorney fees has the burden to prove that its request for the attorney's fees is reasonable. *Johnston v. Comerica Mortg. Corp.,* 83 F.3d 241, 246 (8th Cir. 1996) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983)); *Philipp v. ANR Freight Sys., Inc.,* 61 F.3d

---

[4] One issue the parties will need to address is whether an administrative hearing officer's decision in an IDEA case provides the requisite judicial sanction for a party to be considered a prevailing party for attorney fee purposes, or whether an attorney fees claim is premature until after issuance of a judicial decision in the IDEA case.

[5] The IDEA also provides that attorney fees may be reduced under the following additional circumstances: (1) the parent, or parent's attorney, unreasonably protracted the final resolution of the controversy; (2) the time spent and legal services rendered were excessive in light of the action or proceeding; or (3) the attorney representing the parent failed to provide certain information to the local educational agency. 20 U.S.C. § 1415(i)(3)(F)(i), (iii), (iv).

669, 675 (8th Cir. 1995) (noting that "the plaintiff bears the burden of establishing an accurate and reliable factual basis for an award of attorneys' fees," and explaining that "the district court has wide discretion in making a fee award determination") (citing *Rogers v. Kelly,* 866 F.2d 997, 1001 (8th Cir. 1989)).

The problem with the Steckelbergs' motion for attorney fees is that it lacks a supporting brief with argument and legal authority, and evidence of the reasonableness of the attorney's fees.[6] Without a brief, and other supporting materials, the Steckelbergs have failed to provide the Court with the information necessary to rule on their motion. Thus, the motion for attorney fees will be dismissed without prejudice to the Steckelbergs' right to refile the motion with an accompanying brief and other necessary documentation.

The Court will issue an Order for Discovery Report and Scheduling Information. After the parties file an updated Report of Parties' Rule 26(f) Planning Meeting, a Rule 16 Scheduling Order will be issued. Accordingly,

>    **IT IS ORDERED t**hat Defendant Chamberlain School District's motion to strike or dismiss Plaintiff Judith and Michael Steckelberg's motion for attorney fees (Doc. 9) is granted to the extent that the motion for attorney fees (Doc. 6) is dismissed without prejudice.

Dated this 18th day of January, 2022.

>                                BY THE COURT:
>
>                                _____
>                                Lawrence L. Piersol
>                                United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_____

---

[6] Local Rule 7.1-B requires that, except for a select group of motions not applicable here, every motion shall be accompanied by a brief of supporting authorities.